1

```
 1            IN THE UNITED STATES DISTRICT COURT
                    DISTRICT OF KANSAS
 2

 3  THE UNITED STATES OF AMERICA,

 4              Plaintiff,

 5         vs.                        District Court
                                      Case Number
 6  GRANT LUBBERS,                    16-100180-06-JTM

 7
                 Defendant.
 8

 9
               TRANSCRIPT OF PROCEEDINGS
10
          On the 10th day of April, 2017 at 10:17 a.m.
11  came on to be heard in the BOND REVOCATION HEARING
    in the above-entitled and numbered cause before
12  HONORABLE J. THOMAS MARTEN, Judge of the United States
    District Court for the District of Kansas, Sitting in
13  Wichita.
               Proceedings recorded by mechanical
14  stenography.
               Transcript produced by computer.
15

16
    APPEARANCES
17
               The Plaintiff appeared by and through:
18                 Ms. Mona Furst
                   Assistant United States Attorney
19                 301 N. Main, Suite 1200
                   Wichita, Kansas 67202
20
               The Defendant appeared in person, by and
21  through:
                   Mr. Carl Maughan
22                 Maughan Law Group, LC
                   4425 W. Zoo Blvd, Suite 5
23                 Wichita, KS 67212

24

25
```

1                          INDEX

2

Reporter's Certificate                                8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (The following proceedings commenced at
 2         10:17 a.m. and were requested transcribed:)
 3              THE COURT:  This is the United States District
 4  Court for the District of Kansas, Case Number
 5  16-10018-06, United States of America versus Grant
 6  Lubbers.
 7              You can keep your seats, but if you would note
 8  your appearances, please.
 9              MS. FURST:  Mona Furst for the United States,
10  Your Honor.
11              THE COURT:  Thank you, Ms. Furst.
12              MR. MAUGHAN:  Thank you, Your Honor.
13  Mr. Lubbers is present in person, along with counsel,
14  Carl Maughan.
15              THE COURT:  Thank you, Mr. Maughan.
16              Mr. Lubbers.
17              This matter comes on today on a bond
18  revocation hearing.  Are there any preliminary matters
19  from the Government, Ms. Furst?
20              MS. FURST:  No, Your Honor.
21              THE COURT:  From Mr. Lubbers, Mr. Maughan?
22              MR. MAUGHAN:  Perhaps, Judge, just so you know
23  where we are.
24              Obviously, the court called me on Thursday
25  when the petition was filed to set the hearing.  I told
```

1    them that I expected that I could be able to see

2    Mr. Lubbers on Friday and be ready to go Monday

3    morning.  Unfortunately, on Friday I went up to Butler

4    County to visit Mr. Lubbers.  After sitting there for

5    over an hour -- before they brought him to me, I called

6    ahead of time to find out if this was an appropriate

7    time.  They said, Yes, any time for counsel visits.

8           After an hour, I had to leave, I had some

9    other obligations, so I didn't have the opportunity to

10   speak with Mr. Lubbers before this morning.  I intended

11   to get over here from District Court earlier to have

12   time in the Marshal's Office.  That didn't work out,

13   either, so we've only had the last couple minutes to

14   review the petition.

15          I think Mr. Lubbers does want to proceed as

16   quickly as possible but I don't know how -- how to

17   proceed.  I don't wish to necessarily ask for a

18   continuance, but I didn't know whether there was some

19   time maybe this afternoon or some other time later this

20   morning where I could have a little longer to just make

21   sure I understand, and Mr. Lubbers understands, what

22   the petition is and what his rights are and I

23   understand what his position is.

24          We had spoken about some of these issues

25   previously.  Mr. Lubbers and I have a great

1  relationship, as far as communication, and I think he

2  had an inkling this might be coming so we had spoken

3  about some of these issues but I hadn't had a chance to

4  nail down his exact position on how he wishes to

5  proceed on the petition.

6          THE COURT:  Well thank you, Mr. Maughan.

7          Well, let me tell you where I am and then

8  maybe that will clarify things a little bit.

9          Of course I've reviewed the petition, just

10 visited for a few moments with Ms. Durham, but I looked

11 over Mr. Lubbers' testing history as part of that

12 process and there have been a number of invalid tests

13 over time, which is a fairly clear indication -- if

14 you've got one in 30, it probably is not anything to

15 get too excited about, but he had four invalid tests in

16 a row.  He went to a patch in November of 2016, ended

17 up -- I think one of the substances he tested positive

18 for was a result of his visit to the dentist and the

19 dentist, being unaware and treating a tooth abscess or

20 something, about the restrictions on what he could be

21 using.

22          But setting all that aside for a moment, it's

23 claimed that he lied in terms of why he moved from one

24 Oxford House to another and, frankly, I think the best

25 thing Mr. Lubbers could do at this point, and it's not

1  going to make any real difference whether it's later

2  this morning or this afternoon, I intend to leave him

3  in custody so we can get a substance abuse evaluation

4  done and maybe get him into inpatient treatment.

5          I think there was some hope of doing that.

6  There was some hope that maybe funding was available

7  for that through his own insurance company.  That did

8  not work out, apparently.

9          But as far as I can tell, Mr. Lubbers, you do

10 have a problem with drugs.  I think you would

11 acknowledge that yourself.  The history is pretty

12 clear, and what I would like to do is give you an

13 opportunity to get yourself clean and so I am going to

14 leave you in marshal's custody.

15         Mr. Maughan, if you want to visit further with

16 him and request another hearing on the revocation,

17 that's fine, but I think the time could be best spent

18 getting an evaluation, and David Love at Options

19 indicated he thought that inpatient treatment was an

20 appropriate option for Mr. Lubbers at this point, as

21 well.

22         So, I'm just going to leave things where they

23 are now, and I am going to keep Mr. Lubbers in custody.

24 This is without prejudice, obviously, so you can

25 re-raise this, Mr. Maughan, at any time, but I think

1 everyone's time would be best spent getting an

2 evaluation and perhaps getting Mr. Lubbers into a

3 treatment program.

4          So, Ms. Furst, do you have any objection to

5 that?

6          MS. FURST:  Your Honor, I do not have an

7 objection to keeping him in custody, nor to continuing

8 it to a later date to see how that evaluation turned

9 out and what the best course is.

10          THE COURT:  Thank you very much.

11          Mr. Maughan, as I say, if you wish to, after

12 having some time to meet with him, want to set this for

13 another hearing, we'll be happy to accommodate you.

14          So I think probably as a practical matter we

15 are where you had indicated you would like to be in

16 terms of taking up the merits of this at another time,

17 but I will tell you that I do think that getting

18 Mr. Lubbers into a treatment program would be a very,

19 very good thing for him, over both the short and the

20 long haul.  And I'm not going to let him out to do

21 this.  I am going to keep him in custody in the

22 meantime.

23          All right.  That will conclude this matter for

24 today.  Thank you all so much.

25          (Proceedings conclude at 10:25 a.m.)

8

```
1                    C E R T I F I C A T E

2            I, Jana L. McKinney, United States Court

3   Reporter in and for the District of Kansas, do hereby

4   certify:

5            That the above and foregoing proceedings were

6   taken by me at said time and place in stenotype;

7            That thereafter said proceedings were

8   transcribed under my discretion and supervision by

9   means of transcription, and that the above and

10  foregoing constitutes a full, true and correct

11  transcript of requested proceedings;

12           That I am a disinterested person to the said

13  action.

14           IN WITNESS WHEREOF, I hereto set my hand on

15  this, the 20th day of April, 2017.

16

17                      s/ Jana L. McKinney
                        Jana L. McKinney, RPR, CRR, RMR
18                      United States Court Reporter

19

20

21

22

23

24

25
```